IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREEM HASSAN MILHOUSE : CIVIL ACTION
:
v. :
:
R. ARBASAK, et al. : NO. 07-cv-01442-JF

MEMORANDUM

Fullam, Sr. J. April 27, 2009

Plaintiff, a *pro se* prisoner, has sued various employees of the Federal Bureau of Prisons and asserts a variety of Bivens claims. These claims range dramatically in seriousness, from sexual assault by a prison guard to deprivation of nail clippers. The defendants have moved to dismiss or, in the alternative, for summary judgment. I conclude that, for various reasons, Plaintiff's claims fail as a matter of law, and I will therefore dismiss them. Some of Plaintiff's claims warrant dismissal with prejudice because any attempt to amend the complaint would be futile. All other claims will be dismissed without prejudice.

During the relevant time period, Plaintiff was a pre-trial detainee at the Federal Detention Center in Philadelphia, PA. While awaiting trial for bank robbery, Plaintiff was placed into administrative detention in the Special Housing Unit (SHU). This detention was ordered due to an allegation that Plaintiff was planning an escape attempt. Approximately one month later, Plaintiff managed to carry a razor blade into the Green Federal Building and attempted to rape his attorney and escape from

custody. Following this incident, Plaintiff continued to be housed in SHU. He has now been transferred to the Lewisburg Penitentiary, but his lawsuit only concerns his treatment in Philadelphia.

Plaintiff alleges that the defendants violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. Specifically, he asserts that he was held in SHU without any cause and sexually harassed by being required to submit to a strip search when entering or exiting his cell. Plaintiff also alleges that a prison guard sexually assaulted him, that he was unfairly disciplined for causing damage to his cell, and that he has been denied access to legal and religious materials, recreation, and other basic supplies.

As a preliminary matter, several of Plaintiff's pending motions must be denied. He has submitted two motions to amend the complaint, stating the same allegations but adding more than 20 new defendants, including various FBI agents and at least one federal judge. Plaintiff offers no cause for adding those defendants. Additionally, Plaintiff has moved to join another plaintiff in this litigation. This case is not, and cannot be, a class action; that motion will be denied as well.

The Prison Litigation Reform Act (PLRA) requires that a prisoner properly exhaust any available administrative remedies before filing a lawsuit. In federal prisons, proper exhaustion

requires that a prisoner first seek informal resolution of his concerns, after which he may file a formal grievance with the warden. If the prisoner does not obtain relief after filing the formal grievance, then he may take successive appeals to the regional director and the central office. If the central office denies the appeal, then the prisoner may file a lawsuit. See Speight v. Sims, 283 Fed.Appx. 880, 882 (3d Cir. 2008).

Plaintiff has not filed appeals for most of his grievances, and he cannot avoid the PLRA's exhaustion requirement by merely stating that the defendants "stonewalled" his pursuit of administrative remedies. First, Plaintiff does not allege any facts in support of his assertion that someone blocked his appeals. More importantly, the record (to which both parties have contributed) contradicts Plaintiff's "stonewalling" allegation and reflects that he had access to the necessary appeal forms and exhausted his remedies for several claims. Without any evidence or factual allegations that Plaintiff's appeals have been hindered in any way, Plaintiff's unexhausted claims must be dismissed.

Plaintiff *has* properly exhausted several of his claims. Those exhausted claims include his allegations that he was inappropriately placed in SHU and searched when entering or exiting his cell, and his allegations of improper food-handling

and denial of nail clippers.[1]  These are Plaintiff's only viable claims in this case.  Plaintiff asserts that the defendants have violated the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and I will consider each alleged violation in turn.

The First Amendment protects prisoners from retaliation, and a prisoner who alleges retaliation must prove three elements: constitutionally protected conduct, an adverse action by prison officials, and a causal link between the exercise of constitutional rights and the adverse action.  Plaintiff specifically alleges that his unfavorable conditions amount to retaliation for his attack on (and attempted rape of) his attorney.  Obviously, those criminal actions cannot constitute protected conduct.

Reading the complaint broadly, Plaintiff also asserts that he has been a victim of retaliation for filing grievances and this lawsuit.  Lawsuits and grievances are constitutionally protected, but Plaintiff does not allege any facts that could connect an adverse action with his protected conduct.  According to Plaintiff's allegations, his various unsatisfactory conditions existed both before and after he filed his grievances and his complaint in this case.  In short, Plaintiff's First Amendment claim must be dismissed.

---

[1] The administrative remedy numbers for these claims are as follows: 449578; 449581; 471665; 471668; 471673; 472521; 473106; 473134.

4

Plaintiff vaguely asserts that his Fourth Amendment rights have been violated, and I read his complaint to allege that his routine strip searches in SHU violated his right to privacy. Such a claim, however, fails as a matter of law. Although the Fourth Amendment protects prisoners' reasonable expectations of privacy in their own bodies, strip searches of prisoners in administrative segregation are valid so long as they are not conducted in an abusive manner. Shaw v. Freeman, No. 90-cv-7478, 1991 WL 225010 at *4 (E.D.Pa. Oct. 29, 1991) (Newcomer, Sr.J.) (citation omitted). Plaintiff has not alleged that his searches were conducted in such a manner; he simply argues that the imposition of strip searches violates his rights. Thus, Plaintiff has failed to state a valid claim for a Fourth Amendment violation.

Plaintiff also asserts a Fifth Amendment due process violation with respect to his placement in administrative detention and his routine strip searches. Due process protects a prisoner's liberty interest in remaining free from an atypical and significant hardship in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995).

The Third Circuit has held that a prisoner's placement in administrative detention and an extended stay in a Special Housing Unit do not constitute atypical and significant hardships. Wilson v. Hogsten, 269 Fed.Appx. 193, 195-96

5

(3d Cir. 2008). In addition, routine strip searches in the context of Special Housing Units do not impose such a hardship. See Brooks v. DiGuglielmo, No. 05-cv-4588, 2008 WL 5187529 at *9 (E.D.Pa. Dec. 9 2008) (O'Neill, J.) (citation omitted). As a matter of law, the conditions of Plaintiff's confinement do not implicate his due process liberty interest, and his Fifth Amendment claim therefore fails.

To assert a violation of the Eighth Amendment, a prisoner must allege that he has been deprived of "the minimal civilized measure of life's necessities." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). This is a difficult standard to meet, and Plaintiff's complaint fails to assert such a deprivation. The Third Circuit has held that the conditions of administrative segregation do not violate the Eighth Amendment. See id. As a result, mere placement in SHU does not violate the Eighth Amendment, nor does SHU's requirement of routine strip searches. Likewise, the consequences of Plaintiff's refusal to submit to a lawful strip search — an inability to leave his cell for various appointments — are not actionable.

Plaintiff's various other allegations do not state a valid Eighth Amendment claim. Specifically, Plaintiff alleges that his food trays has been served late and placed on the floor, and that he has been denied recreation in a few instances. Occasional denial of recreation, however, is not sufficiently serious to

constitute an Eighth Amendment violation.  Similarly, Plaintiff's food-related allegations do not amount to a constitutional violation.  Prison food need only be "nutritionally adequate" and "prepared and served under conditions which do not present an immediate danger."  Justice v. Zimmerman, No. 89-cv-1112, 1990 WL 20196 at *8 (E.D.Pa. Feb. 28, 1990) (Bechtle, J.) (citation omitted).  Plaintiff is obviously unsatisfied with the quality of his food and the level of service in SHU, but his factual allegations do not describe a deprivation of a necessary condition of life.  His Eighth Amendment claim therefore fails.

Because the defendants are all federal officers, Plaintiff's complaint does not state any basis for relief under the Fourteenth Amendment.

Plaintiff vaguely alleges that 12 defendants "knew" of constitutional violations or "conspired" with those who violated his rights.[2]  To the extent that these claims are based on the grievances that Plaintiff has exhausted, they must be dismissed.  Plaintiff has not alleged any violation of his constitutional rights, so he cannot allege that any defendants "knew" of violations.  Further, Plaintiff has not alleged any factual support for his conspiracy claim, and his conclusory allegations cannot suffice.

---

[2] These twelve include Defendants Jezior, Knox, Levi, Freeman, White, Howard, Brown, Smith, Bowns, Boardman, Cruz, and Dalmasi.

7

Although courts commonly grant leave to amend when dismissing a complaint, I readily conclude that any further attempt to amend the complaint would be futile.  Plaintiff has already filed numerous complaints, none of which offer substantially new or different allegations.  The conditions to which he objects have been considered by the courts and held to be constitutional.  He is no longer incarcerated at the facility where the alleged violations occurred; thus, no new facts will arise to support his claims.  Plaintiff's exhausted claims will therefore be dismissed with prejudice, and this case will be closed.  If Plaintiff is able to exhaust his remaining claims in accordance with the PLRA, then he may assert them in future litigation.

An appropriate order will enter.

BY THE COURT:

 /s/ John P. Fullam 
John P. Fullam, Sr. J.